UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TATTOO ART, INC.,

       Plaintiff,

v.

TAT INTERNATIONAL, LLC,

       Defendant.

Case No. 1:12-mc-33

HON. GORDON J. QUIST

## OPINION REGARDING PLAINTIFF'S MOTION FOR JUDGMENT AGAINST BONNIE J. KNAPP AND BON J. STONEWARE BASED ON FALSE GARNISHMENT ANSWER

**BACKGROUND**

Plaintiff, Tattoo Art, Inc., filed this action pursuant to 28 U.S.C. § 1963 to enforce a Judgment it obtained against Defendants, TAT International LLC and its principal, Kirk Knapp (Knapp), in the United States District Court for the Eastern District of Virginia in the amount of $640,413.09, plus $565.49 in interest.[1] As part of its effort to collect the Judgment, Plaintiff issued nonperiodic garnishments to Knapp's wife, Bonnie J. Knapp, and her defunct business, Bon J. Stoneware, LLC, seeking disclosure of funds or property that Bonnie or Bon J. held either for TAT or Knapp. Knapp completed the garnishment disclosures for Bonnie to sign for herself and Bon J. (Bonnie Knapp Dep. at 90.) The garnishment disclosures stated that neither Bonnie nor Bon J. possessed or controlled any property or funds belonging to Knapp or TAT. (Garnishee Disclosures, Pl.'s Br. Supp. Ex. 1.) Bonnie did not read the garnishee disclosures prior to signing them. (Bonnie Knapp Dep. at 90.)

Contrary to her express representations on the garnishee disclosures that neither she nor Bon

---

[1] The judgment included an additional award solely against TAT on a separate breach of contract claim. That amount is not at issue in the instant motion.

J. possessed or controlled any funds or property belonging to Knapp or TAT, Bonnie admitted during her deposition that her brokerage account and the Bon J. checking account at United Bank of Michigan contained funds belonging to Knapp. (*Id.* at 42, 44, 90–91.) In fact, Knapp wrote checks to himself from Tatstore, LLC that were deposited in the Bon J. account. (*Id.* at 72–73.) Bonnie deposited these checks into the Bon J. account. (*Id.* at 73.) In addition, Bonnie possessed a vehicle titled jointly to Bonnie and TAT. (*Id.* at 51–52; Vehicle Registration, Pl.'s Br. Supp. Ex. 4.)

Plaintiff has now moved for entry of an order pursuant to M.C.L. § 600.4051 holding Bonnie and Bon J. liable for the full amount of the Judgment based upon the false garnishment answers. Neither Bonnie nor Bon J. have responded to the motion within the time for doing so. *See* W.D. Mich. LCivR 7.2(c).

## DISCUSSION

Post-judgment execution on money judgments is governed by Rule 69(a)(1), which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). *See also Trs. of Mich. Laborers' Health Care Fund v. Accurate Sawing & Drilling, Inc.*, No. 1:11-CV-258, 2012 WL 6562918, at *1 (W.D. Mich. 2012) (applying Michigan law to the plaintiff's post-judgment effort to collect the judgment). Plaintiff seeks entry of an appropriate order pursuant to the following Michigan statute:

> Any person summoned as a garnishee or any officer, agent, or other person who appears and answers for a corporation summoned as a garnishee, who knowingly and wilfully answers falsely upon his disclosure or examination on oath is liable to the plaintiff in garnishment, or to his executors or administrators, to pay out of his own goods and estate the full amount due on the judgment recovered with interest, to be

recovered in a civil action.

M.C.L. § 600.4051. The statute "imposes liability on a garnishee who knowingly and wilfully answers falsely upon his disclosure for the 'full amount due on the judgment recovered with interest.'" *John Richards Homes Bldg. Co. v. Adell Broad. Corp.* (*In re John Richard Homes Bldg. Co.*), 402 F.R. 780, 782 (E,.D. Mich. 2009) (quoting M.C.L. § 600.4051).

In this case, Plaintiff has shown though the evidence attached to its brief that Bonnie's garnishment disclosures for herself and Bon J. were false at the time she signed them. In addition, Plaintiff's evidence shows that Bonnie either knowingly filed the false answers or did so with wilfully ignorance of the true facts. Accordingly, Plaintiff is entitled to relief under M.C.L. § 600.4051.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Judgment Against Bonnie J. Knapp and Bon J. Stoneware Based on False Garnishment Answer.

A separate order will enter.


Dated: March 1, 2013                  /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE